Rexford G. **CASEY** et al., Appellants,

v.

**CORSON AND GRUMAN COMPANY,**
a corporation, Appellee.

No. 12160.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 22, 1954.

Decided Jan. 13, 1955.

Mr. Robert R. Faulkner, Washington, D. C., with whom Mr. Richard E. Shands, Washington, D. C., was on the brief, for appellants.

Mr. Frank F. Roberson, Washington, D. C., for appellee.

Before EDGERTON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The District Court directed a verdict for the defendant on the opening statement of counsel for the plaintiffs, who appeal. It is clear from the opening statement that plaintiffs rely upon alleged negligence of defendant in leaving a truck it owned parked on its business lot in the District of Columbia with the key in the ignition switch. But the statement also placed the collision, which resulted in the injuries for which damages are sought, on a highway fifteen miles south of Petersburg, Virginia. The truck was being negligently operated at this point by a person who fled the scene of the accident and who without authority had driven it away from defendant's parking lot in the District of Columbia. The truck apparently had been stolen many hours prior to the collision. The negligence thus sought to be charged to defendant under the principles of Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080, was too remote from the collision in time, place and circumstances to be a proximate cause of plaintiffs' injuries; and the law of Virginia, assuming it applies, imposes upon plaintiffs no lighter burden than the case cited in order to attach legal responsibility to defendant.

Affirmed.