**COLONIAL PARKING, INC., Appellant,**

v.

**John J. MORLEY, Appellee.**

**No. 21002.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 29, 1967.

Decided Feb. 6, 1968.

Petition for Rehearing En Banc and for
Rehearing Before the Division
Denied May 2, 1968.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., and James C. Eastman, Washington, D. C., were on the brief, for appellant, Colonial Parking, Inc.

Mr. Harry W. Goldberg, Washington, D. C., with whom Messrs. Morris Altman and Max M. Goldberg, Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and ROBINSON, Circuit Judge.

FAHY, Senior Circuit Judge:

Appellee, a member of the Metropolitan Police, was directing traffic when he was struck by an automobile and thrown into the path of another vehicle which ran over him. The driver of the first car had stolen it the day before from a parking lot operated by appellant. Appellee as plaintiff in the District Court recovered of appellant damages for personal injuries. On this appeal appellant does not contest that the theft was due to its negligence in leaving the lot unguarded at the time the theft occurred. Appellee adds as an item of negligence appellant's delay of several hours in learning of the theft and reporting it to the police. Also uncontested on appeal

is the finding of the jury, represented by their verdict, that the injuries occurred as above set forth. What is contested now is the refusal of the trial judge to hold as matter of law that the intervening negligence of the thief in driving the car some 32 hours after the theft, twelve blocks away from the parking lot, precluded a jury finding that the negligence of appellant was a proximate cause of the accident and the resulting injuries.

On its facts, and on the law as well, the case falls between Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, where we held that negligence and causation attributable to the car owner should have been found by the trial court as matter of law, and Casey v. Corson and Gruman Co., 95 U.S.App.D.C. 178, 221 F.2d 51, where the negligence of the owner of the lot where the truck was parked was held as a matter of law not to be a proximate cause of the injuries.[1] Our case falls in the area of those following the rule that the issue of proximate cause ordinarily is one for the jury, as in Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532, cert. denied, 335 U.S. 871, 69 S.Ct. 168, 93 L.Ed. 415, affirmed when again before the court in 83 U.S.App.D.C. 271, 169 F.2d 303, and Boland v. Love, 95 U.S.App.D.C. 337, 222 F.2d 27.[2]

Appellant relies upon Howard v. Swagart, 82 U.S.App.D.C. 147, 161 F.2d 651. The observation in Casey, however, that

cases of this character turn upon their differing circumstances, upon the basis of which a judgment is to be made, must be remembered. In Howard, different in this respect from our case, there was the intervention of conduct of a person other than the thief. The latter was not driving the car when the accident occurred. The owner of the car had left it at defendant's parking garage. As required by defendant the key was left in the ignition. A garage employee took the car from the premises for his own use. On the following morning he loaned it to another employee after representing that it was his own car. In driving the car the other employee negligently struck and injured plaintiff. We held there was insufficient evidence to indicate that the defendant was negligent in permitting the car to be removed from the garage, or that any negligence of defendant was a proximate cause of plaintiff's injury.

Our conclusion in the present case is that the issue of proximate cause was properly submitted to the jury notwithstanding the subsequent negligence of the thief. As reasonable men the jury were not required to decide that appellant's negligence was not also a proximate cause. The following statement of the Supreme Court of Illinois in Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74, 79, 51 A.L.R.2d 624, calls to mind relevant considerations in deciding whether the jury might reasonably trace as one proximate cause of plaintiff's in-

---

1. In Ross the defendant's agent left defendant's truck unattended in a public alley, with the key in the unlocked ignition in violation of a D.C. traffic ordinance. Shortly thereafter someone drove the truck away and negligently struck and injured plaintiff. In Casey defendant's agent negligently left its truck parked on its business lot in the District of Columbia with the key in the ignition. "[M]any hours" later and several miles south of Petersburg, Virginia, plaintiff was injured when struck by the truck as it was being negligently operated by an unknown person who fled the scene.

2. In Schaff the evidence was that defendant's driver left a truck, with keys in the

ignition, parked adjacent to a restaurant to which he was delivering goods for defendants, and that employees of the restaurant drove off in the truck and injured plaintiffs. In Boland a young man left his car with his father prior to entering the military service. The father kept the car with other family cars at their residence. The keys were kept above the sun visors. While the father was out of town, a yard man employed by the father and known by him to have been convicted of larceny took the son's car from the garage and drove to Virginia, where he negligently struck and injured the 13-year-old plaintiff.

juries the neglect which occurred at the parking lot:

> The increase of casualties from traffic accidents is a matter of common knowledge and concern. The incidence of automobile thefts and damages and injuries resulting from such larcenous escapades has accordingly increased.

The judgment of the jury in the present case should be accepted as factually reasonable and, therefore, not legally invalid.

Affirmed.