## DERSOOKIAN *v.* HELMICK, ET AL.

[No. 221, September Term, 1969.]

*Decided February 5, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Milton C. Gelenian* for appellant.

*Albert D. Brault,* with whom was *Benjamin W. Cotton* on the brief, for Tom's Chevrolet, part of appellees; and by *James A. Sullivan,* with whom were *McInerney, La-*

*tham & Layne* on the brief, for Lowell Helmick, other appellee.

SMITH, J., delivered the opinion of the Court.

The absence in the District of Columbia of something similar to our Unsatisfied Claim and Judgment Fund causes a search for an otherwise possibly obscure defendant with assets, and a theory of law by which that defendant can be forced to make the plaintiff whole, thus producing this litigation.

Appellant, Hamo Dersookian (Dersookian), and The Travelers Insurance Company each sued Paul Martin Hammer, Jr. (Hammer) and appellees, Lowell Helmick (Helmick) and Jack Amatucci Chevrolet, Inc. (sometimes known as Tom's Chevrolet). The action was dismissed as to Hammer when they were unable to effect service. Summary judgment was granted in favor of Helmick and Tom's Chevrolet by Judge Shearin in the Circuit Court for Montgomery County. Only Dersookian appealed. We shall affirm Judge Shearin's action.

Tom's Chevrolet was located at 11416 Georgia Avenue in Wheaton, Maryland. On the evening of April 5, 1967, Helmick left his car at Tom's Chevrolet for minor repairs. The service area was surrounded on three sides by a seven foot high anchor fence with barbed wire on top and on the fourth side by the wall of the garage building. Gates to the area were secured with locks and chains. Helmick left the key in the car.

Someone removed the Helmick car during the night of April 5. It was not recovered prior to the time it was involved in a collision with the Dersookian vehicle at the intersection of Taylor and 10th Streets, N.E., in the District of Columbia around 11:00 P.M. on April 10, five days after Helmick left the vehicle at Tom's Chevrolet. It was then operated by Hammer, the alleged thief, having been pursued by a police car at speeds up to ninety miles per hour.

Dersookian is well aware of the fact that he must walk

a tight rope of a kind in order to establish liability here. In *Liberto v. Holfeldt,* 221 Md. 62, 155 A. 2d 698 (1959), the action was based on a violation of the statute requiring removal of the ignition switch key from a motor vehicle when it is permitted to stand unattended. The defendant had left the key in her car when she went into an animal hospital. When she returned, the car was gone. Five days later the vehicle was involved in an accident at Monroe and Pratt Streets in Baltimore, the location of the animal hospital having been at 3015 Greenmount Avenue in Baltimore. There was an attempt to hold the owner of the vehicle responsible for her negligence for not having removed the ignition key. In an opinion by Judge Horney this Court said:

> "[W]e hold as have a majority of the courts in other jurisdictions that the injury incurred by the plaintiff was too remote both as to time ['five days later'] and space ['a considerable distance across the city'] from the negligent act of the defendant in not removing the ignition switch key. * * * In the recent case of *Corinti v. Wittkopp,* 355 Mich. 170, 93 N.W.2d 906 (1959), the Court in interpreting the effect of a statute almost identical with [Code (1957), Art. 66½,] § 247, stated [at p. 909]:
>
>> 'To our knowledge, no court has yet held such a statute * * * to impose upon a driver a duty to remove his keys running to the benefit of any person whom a thief or his successor in possession might meet and injure hours, days or weeks after the theft.'
>
> "* * * The violation of the statute must be the proximate cause of the injury, and if he fails to prove that fact, the plaintiff cannot sustain his cause of action. *Austin v. Buettner,* 211 Md. 61, 124 A. 2d 793 (1956). Again, we agree with the majority of the courts and hold that in this case the negligence of the defendant was

not the proximate cause of the injury both on the basis that it was not foreseeable that the thief would be involved in an accident five days later and that the negligence of the thief was an independent intervening cause which was in fact the proximate cause of the accident. *Anderson v. Theisen*, 231 Minn. 369, 43 N.W.2d 272 (1950) ; Annot., 51 A.L.R.2d 633, 663 (1957). See also *Bloom v. Good Humor Ice Cream Co.*, 179 Md. 384, 387, 18 A. 2d 592 (1941) [where negligence of one person is merely passive and potential and negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability].

"While it is true that duty and causation are normally questions of fact for the trier of the facts to decide, nevertheless, when the facts are not disputed and it is certain that reasonable minds could draw but one inference from such facts, as in the present case, the issue may be resolved as a matter of law." *Id*. at 66-67.

In his effort to avoid the consequences of *Liberto*, Dersookian contends that the tort in question took place in the District of Columbia, that Maryland applies the substantive law of the place of wrong to a suit brought in Maryland to recover damages suffered in an out-of-state accident, and that under District of Columbia law he is entitled to recover. He further contends that under District of Columbia law the question of whether Tom's Chevrolet failed to adequately protect its parking lot, thereby allowing the bailed automobile to be stolen, and the question of whether that negligence was the proximate cause of Dersookian's injuries "in [an] accident with the thief a few hours later [1] and a few miles from the service lot, are for the jury to determine and not appropriate for disposition on motion for summary judgment".

---

1. It was five days later which indicates that the "few hours" must have been in the neighborhood of 120 hours.

Judge Oppenheimer said for this Court in *White v. King*, 244 Md. 348, 223 A. 2d 763 (1966) :

> "This Court has consistently followed the rule that when an accident occurs in another state substantive rights of the parties, even though they are domiciled in Maryland, are to be determined by the law of the state in which the alleged tort took place. (citing authorities)" *Id.* at 352.

Dersookian, therefore, has correctly cited our prior holding on that point, but we are by no means certain that in this instance it can be said that the tort, if any, took place in the District of Columbia.

Under the law of the District of Columbia Helmick's leaving the car with the keys in the ignition is not negligence, being analogous to a case where the owner left the car and keys with the owner of a private parking-lot garage. In *Howard v. Swagart*, 161 F. 2d 651 (D. C. Cir. 1947), it was said:

> "[W]e hold that, in this jurisdiction, leaving a car unlocked in a private parking-lot garage does not constitute negligence. It is common knowledge that the standard custom and practice of private parking-lot garages is to require the leaving of the key in the ignition switch of cars parked on the premises." *Id.* at 655.

Dersookian cannot recover on the basis of a violation of Section 98 of Part I of the Traffic and Motor Vehicle Regulations of the District of Columbia,[2] since that section has been held to apply only to cars left unattended on public property. *Elliott v. Capitol Cadillac-Oldsmobile Company*, 245 A. 2d 634, 635 (D. C. C.A. 1968). Dersookian argues, however, that, without regard to the stat-

---

2. No person driving, or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

ute, in the District of Columbia the bailee of an automobile who negligently allows the automobile to be stolen may be liable to a person injured by the thief where the negligent act of the bailee is the proximate cause of the injury. He further argues, by analogy to cases where negligence was established by proof of a violation of § 98, *supra,* that the question of proximate cause must be considered by the jury and cannot be determined as a matter of law, except where the facts coincide with those in *Casey v. Corson and Gruman Company,* 221 F. 2d 51 (D.C. Cir. 1955). It was held that the question of whether leaving the keys in a vehicle was negligence should go to the jury even though the statute has not been violated in *Schaff v. R. W. Claxton, Inc.,* 144 F. 2d 532 (D.C. Cir. 1944), *aff'd* after a new trial, 169 F. 2d 303 (D.C. Cir.), *cert. den.* 335 U. S. 871 (1948). Because the court in that case referred to their decision in *Ross v. Hartman,* 139 F. 2d 14, 158 A.L.R. 1370 (D.C. Cir. 1943), *cert. den.* 321 U. S. 790 (1944), it would appear that they apply the same standard in cases where there has been a violation of the statute and where there has not been a violation. Thus it would appear that if the standard for allowing the case to go to the jury on the question of proximate cause is the same in cases where there has been no violation of the statute as in cases where there has been a violation of the statute, the District of Columbia law permits the trial court to find no proximate cause as a matter of law in a proper case, *Casey v. Corson and Gruman Co., supra,* and, conversely, in a proper case it may find that proximate cause was established as a matter of law, *Ross v. Hartman, supra.*

In *Casey v. Corson and Gruman Co., supra,* the theft occurred in the District of Columbia. The accident occurred fifteen miles south of Petersburg, Virginia, many hours after the theft. The court held defendant's negligence was too remote from the collision in time, place and circumstances to be the proximate cause of plaintiff's injuries, and the trial court was correct in so holding as a matter of law. It said this was true even if the law of

Virginia were to be applied, since Virginia had at least as stringent requirements as to proximate cause as did the District of Columbia. In *Ross v. Hartman, supra,* the accident and theft occurred within two hours after appellee's agent's act of leaving the vehicle with the keys in the ignition. The opinion does not indicate the distance between the situs of the negligent act of so leaving the vehicle, and the situs of the negligent act of the thief in striking the plaintiff.

In *Colonial Parking, Inc. v. Morley,* 391 F. 2d 989 (D.C. Cir. 1968), the trial judge refused to hold as a matter of law that the intervening negligence of the thief in driving the car some 32 hours after the theft, 12 blocks away from the parking lot, precluded a jury's finding that the negligence of the appellant was the proximate cause of the accident and the resulting injuries. The court, on appeal, found that the case fell between *Ross v. Hartman, supra,* and *Casey v. Corson and Gruman Co., supra;* hence the case was properly submitted to the jury.

The conclusion we reach is that it is immaterial in this case whether the law applied is that of the District of Columbia or that of Maryland. The theft took place five days before the accident and some miles distant from the place of accident. Therefore, under District of Columbia law and Maryland law, the negligence, if any, was too remote from the collision in time, place and circumstances to be the proximate cause of the injuries of Dersookian. In either jurisdiction, the trial judge would be entirely correct on these facts in granting summary judgment in favor of Helmick and Tom's Chevrolet, and thus ruling as a matter of law that they had no liability.

*Judgment affirmed; appellant to pay the costs.*