Queen Vatrice **GREEN**

v.

Karl **WELLS**, Defendant and Third-Party Plaintiff,

v.

Bennie **CHAVIS**, Third-Party Defendant.

Civ. No. 70–1273–M.

United States District Court,
D. Maryland.

July 22, 1971.

---

Hyman B. Rubenstein, Baltimore, Md., for plaintiff.

Patrick A. O'Doherty, Baltimore, Md., for defendant and third party plaintiff.

Herbert F. Murray, Baltimore, Md., for third party defendant.

JAMES R. MILLER, Jr., District Judge.

Plaintiff, a resident of Virginia, was a passenger in an automobile driven by Bennie Chavis, which was struck by a vehicle operated by Karl Wells, on the Baltimore-Washington Parkway, in Prince George's County, Maryland, on May 5, 1968. Plaintiff alleges in her complaint that as a result of the accident caused by Wells, a resident of Maryland, she has suffered extensive injuries and thereby claims $25,000 in damages. Jurisdiction is founded upon diversity of citizenship.

Defendant Wells filed an answer and instituted a third party action against Chavis, a resident of Virginia, stating that:

"Defendant, Bennie Chavis, is liable to the Defendant and Third Party Plaintiff Karl Wells for all or part of the claim of Queen Vatrice Green * * *."

Chavis, the third party defendant, then moved to dismiss the third party complaint, pursuant to Rule 12(f) F.R. Civ.P., for the following pertinent reason:

"The third-party defendant is immune from suit in that the plaintiff Queen Green at the time of the accident complained of was the minor step-daughter of the third-party defendant."

Chavis asserts that under Maryland law (which governs the substantive tort law in this controversy)[1] a child cannot sue his natural parent in tort unless the tortious act was committed willfully or maliciously, and that the family immunity doctrine extends to step-parents who stand in "loco parentis" to the step-child.[2] Thus, under the Maryland law of contribution in tort actions, since the plaintiff could not sue Chavis directly, Wells is prevented from recovering indirectly. Art. 50, §§ 16–24, Annotated Code of Maryland (1968 Replacement Volume); Ennis v. Donovan, 222 Md. 536, 161 A.2d 698 (1960); Zaccari v. United States, 130 F.Supp. 50 (D.Md. 1955).

Chavis has filed the following affidavit to be attached to his motion to dismiss, which he desires the court to convert now into a motion for summary judgment, under Rule 56, F.R.Civ.P.:

"BENNIE CHAVIS, being duly sworn, deposes and says:

"1. That at all times mentioned herein he has resided at 613 28th Street, Newport News, Virginia.

"2. That he has personal knowledge of all the facts stated herein.

"3. That on or about May 5, 1968, a vehicle which he owned and operated, and in which Queen Vatrice Green was a passenger, was involved in a

---

1. Dersookian v. Helmick, 256 Md. 627, 261 A.2d 472 (1970); Debbis v. Hertz Corp., 269 F.Supp. 671 (D.Md.1967).

2. Counsel for Chavis has not cited any Maryland cases specifically adopting this latter proposition of law recognized in several other jurisdictions.

collision with a vehicle operated by Karl Wells, on the Baltimore-Washington Parkway near Greenbelt, Maryland.

"4. That the aforementioned Queen Vatrice Green is *his step-daughter*, and at the time of the accident aforementioned was nineteen (19) years of age, unmarried and unemancipated, and a member of his household at the aforementioned address.

"5. That Queen Vatrice Green was *born on February 14, 1949, to his sister-in-law, Miss Frances L. Green*; that she resided in his household continuously, as *his step-daughter*, from the time of her birth, until after she attained her majority except for occasional visits to the homes of relatives, including her natural mother; that she has always conducted herself toward him, and referred to him, as if he were her natural father; that during the period of her minority he rendered services and provided discipline, control, parental guidance and affection toward her throughout her tender years, and has fulfilled to the best of his ability all the duties and obligations of a natural parent.

"6. That the relationship described above obtained on May 5, 1968, at the time of the collision referred to." (emphasis supplied).

Wells vigorously asserts that Chavis is not entitled to a judgment as a matter of law and that there is a genuine dispute as to the material fact of the "loco parentis" status of Chavis, and he requests this court to deny the motion. Wells points out that the plaintiff is no more than the illegitimate daughter of Chavis's wife's sister and that Chavis has not taken formal legal action either to adopt the plaintiff or to be appointed her legal guardian.

In deciding this motion for summary judgment under Rule 56, F.R.Civ.P., the court is mindful of the following pertinent passage from Hutchens v. Janssen, 41 F.R.D. 287 (W.D.Va.1966), at page 288:

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. This rule has an important place in providing a prompt disposition of cases which have no possible merit and in preventing undue delays in the trial of actions to which there is no real defense. Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). However, the Fourth Circuit has exhibited a definite reluctance to affirm cases decided upon summary judgment. It has said:

'Even in cases where the judge is of the opinion that he will have to direct a verdict for one party or the other on the issues that have been raised he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to evade jury trials or have the judge weigh evidence in advance of its being presented.'

Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951); See also Kirkpatrick v. Consolidated Underwriters, 227 F.2d 228 (4th Cir. 1955). The Court of Appeals has articulated a standard to be applied by a district court in ruling on a motion for summary judgment which eliminates disposition of most cases in this manner.

'[Summary judgment] should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. * * * [Citations omitted] *And this is true even where there is no dispute as to the evidentiary facts*

*in the case but only as to the conclusions to be drawn therefrom. * * * '*

Stevens, supra 181 F.2d at 394; See also Pierce v. Ford Motor Co., supra, and 6 Moore, Federal Practice ¶ 56.-15 (1.–04) (2d ed. rev. 1965).

"Furthermore, it is well established that summary judgment is less likely to be appropriate in negligence cases than in other type cases such as those arising out of debt or contract. Moore, supra at ¶ 56.15 (1.–0) n. 15. This fact will not, of course, preclude summary judgment in every negligence case. See, e. g., Berry v. Atlantic Coast Line R.R. Co., 273 F.2d 572, 573 (4th Cir. 1960), where a district court's disposition of a negligence case by summary judgment was affirmed.

"Finally, before the facts in the instant case are examined, it should be noted that when a ruling is made upon a motion for summary judgment, all the facts and inferences therefrom must be construed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). (emphasis supplied).

Here, owing to the nature of the "loco parentis" relationship, the court is faced with a situation referred to in *Stevens, supra,* 181 F.2d at 394, where there is little or no dispute as to the evidentiary facts but primarily to the conclusions to be drawn therefrom.

The nature of the relationship has been considered by other courts.

"This relationship involves more than a duty to aid and assist, more than a feeling of kindness, affection or generosity.* It arises only when one is willing to assume all the obligations and to receive all the benefits associated with one standing as a natural parent to a child."

* * * * * *

"The status assumed by one *in loco parentis* is 'a somewhat nebulous legal relationship of a *temporary character* dependent *on the intention* of the party assuming the obligations of a parent.'* The continuance of that relationship is a matter which lies within the will of one standing *in loco parentis* and *may be abrogated by him at any time.* It differs from adoption in that it is *strictly temporary in nature, rather than permanent.* " (emphasis supplied). Fuller v. Fuller, 247 A.2d 767, 770 (D.C.C.A.1968), and cases cited therein.

" 'The assumption of the relationship is *primarily a question of intention,* to be shown by the acts, conduct and declaration of the person alleging to stand in that relationship.' * * * As we view it, the *very nature of the loco-parentis relationship is such that it must reside in the minds and hearts of the parties involved.* To provide proof of the existence of the relationship, *objective manifestations* of the feeling must of course appear. Usually these are to be looked for not only in things done and given each to the other, but more especially in *the kind of service done and the kind of thing given.*" (emphasis supplied). Banks v. United States, 267 F.2d 535, 538–539 (2d Cir. 1959), citing with approval, Leyerly v. United States, 162 F.2d 79, 85 (10th Cir. 1947).

Thus, an essential element of the "loco parentis" relationship is the continuing *intent* of the parties, for the relationship is temporary. Having isolated this important factor, the court concludes that the granting of a motion for summary judgment would be inappropriate under the circumstances of this case.

"As a general proposition, summary judgment is likely to be inappropriate when issues of motive, intent, and other subjective feelings and reactions are material." 6 Moore's Federal Practice, ¶ 56.17 [41.–1] p. 2581 (1970 Ed.).

* Footnote omitted.

See Empire Electronics Co. v. United States, 311 F.2d 175 (2d Cir. 1962), where summary judgment was denied when the intent of the parties as to passage of title to cables was a key issue; Cross v. United States, 336 F.2d 431 (2d Cir. 1964), stating that summary judgment is particularly inappropriate where inferences which parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions; Union Insurance Society of Canton, Ltd. v. William Gluckin & Co., 353 F.2d 946 (2d Cir. 1965), citing *Empire Electronics, supra*; and Cram v. Sun Insurance Office, Ltd., 375 F.2d 670 (4th Cir. 1967), citing *Gluckin, supra,* stating that summary judgment was inappropriate where intent was crucial under an insurance contract for a yacht.

Since intent plays such an important role in the present controversy, this court cannot conclude that Chavis is entitled to a judgment as a matter of law. A genuine dispute concerning a material fact exists and Chavis's motion for summary judgment must be, and hereby is, denied.