### EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### v.
### The FIRESTONE TIRE AND RUBBER COMPANY.
### Civ. A. No. 73–390–M.

United States District Court,
D. Maryland.

Nov. 14, 1973.

George Beall, U. S. Atty., and James M. Kramon, Asst. U. S. Atty., Baltimore, Md., and Thomas Gibson, Associate Regional Atty., E. E. O. C., Philadelphia, Pa., for plaintiff.

Walter B. Connolly, Jr., and W. Howard Fort, Akron, Ohio, John Henry Lewin, Jr., Baltimore, Md., and Andrew M. Kramer, Chicago, Ill., for defendant.

JAMES R. MILLER, Jr., District Judge.

### Memorandum Opinion

This is an action brought by the Equal Employment Opportunity Commission (herein after referred to as EEOC), pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by Public Law 92–261, 86 Stat. 103 (March 24, 1972).

The EEOC asserts that the defendant, Firestone Tire and Rubber Company, has engaged in certain discriminatory employment practices based on sex and race in violation of the Act.

Defendant has filed a motion for summary judgment. The primary thrust of defendant's motion for summary judgment is that the EEOC has failed to comply with statutory and other procedures designed to maximize opportunities for resolution of discrimination complaints by conciliation.

Since this is a motion for summary judgment under Rule 56, F.R.Civ.P., rather than a motion to dismiss under Rule 12, F.R.Civ.P., this court will decide the issue presented here on the merits to the extent that the material facts are undisputed, and it will not pause to consider whether the allegation of the complaint that "all conditions precedent to the filing of this lawsuit have been fulfilled" is a sufficient allegation of facts required to give this court jurisdiction. See Equal Employment Opportunity Commission v. Western Electric Company, Inc., 364 F.Supp. 188 (D.Md.) (1973); Equal Employment Opportunity Commission v. Container Corp. of America, 352 F.Supp. 262 (M.D.Fla.1972); Equal Employment Opportunity Commission v. Griffin Wheel Co. et al., 360 F.Supp. 424 (N.D. Ala.1973); contra: Equal Employment Opportunity Commission v. Mobil Oil Corp., 362 F.Supp. 786 (W.D.Mo.) (1973); Equal Employment Opportunity Commission v. Missouri-Pacific Railroad Co., C.A. 73–127 (W.D.Tenn.) (July 10, 1973); Equal Employment Opportunity Commission v. Bartenders International Union, Local 41, 6 EPD § 8702 (N.D. Cal.1973); EEOC v. Pick-Memphis Corp., 5 EPD § 8471 (W.D.Tenn.1973). For the purposes of this motion, this court will assume, without deciding, that such an allegation in the complaint is sufficient to establish jurisdiction in the court.

The issue presented, then, is whether the undisputed facts establish compliance with the statutory and other procedural prerequisites to a suit under Title VII of the Civil Rights Act of 1964, irrespective of whether those prerequisites are viewed as jurisdictional or merely conditions precedent to the grant of relief.

As originally enacted, Title VII of the Civil Rights Act limited the EEOC to investigatory and conciliatory powers. Only the aggrieved party was empowered to bring suit against an allegedly discriminating employer. In 1972, the Act was amended to allow the EEOC itself to bring a suit in the appropriate United States District Court.

The exercise by the EEOC of its new-found power to sue, however, is subject to several conditions. The Act provides that if a charge is filed with the EEOC, notice must be served on the offending employer and the EEOC must investigate the charge. 42 U.S.C. § 2000e–5(b). Where an unlawful alleged employment practice occurs in a state which prohibits such practice and which has a state authority which can grant or seek relief, the charge must be deferred until the state authority has had the opportunity for at least 60 days to provide relief to the complainant. 42 U.S.C. § 2000e–5(c) and (d). If the EEOC determines that no reasonable cause exists to support the charge after an investigation, the employer is to be notified and the charge dismissed 42 U.S.C. § 2000e–5(b). If reasonable cause is found to support the charge, the EEOC must endeavor to eliminate the problem through conciliation. 42 U.S.C. § 2000e–5(b). If it is unable to secure from the employer a conciliation agreement acceptable to it within 30 days, the EEOC may then bring a civil action in the federal courts against the respondent named in the charge. Should the EEOC fail to commence suit within 180 days after the filing of the charge, or, alternatively if the EEOC has either dismissed the charge or has not entered into a conciliation agreement to which the aggrieved person is a party, it must notify the aggrieved person. The aggrieved individual then has 90 days in which to file suit. 42 U.S.C. § 2000e–5(f)(1).

Prior to the 1972 amendments to Title VII, it was settled law that the failure of the EEOC to attempt conciliation was not a jurisdictional bar to a suit by a private individual who complained that he was being discriminated against. The reasoning in the cases was that the EEOC's failure to fulfill its statutory obligation should not prejudice the aggrieved person's rights. See Johnson v. Seaboard Air Line Railroad Co., 405 F. 2d 645 (4th Cir. 1968), cert. denied sub. nom. Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969).

■ The language of the Act conveys a clear Congressional intent that a bona fide attempt at conciliation by the EEOC is a precondition to its filing suit. In § 2000e–5(b), the Act provides in pertinent part:

"If the Commission determines after such investigation that there is reasonable cause to believe that the carge is true, *the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."* (Emphasis supplied).

Similarly, § 2000e–5(f)(1) states:

"*If* within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, *the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission,* the Commission may bring a civil action against any respondent . . . named in the charge." (Emphasis supplied).

The EEOC's own regulations reinforce the importance of the conciliation efforts required by the statute.

Section 1601.19b of the Commission's rules is addressed to the determination by the Commission of reasonable cause for a charge and notification of the respondent and others of the determination. It provides in pertinent part:

"§ 1601.19b

"(a) . . . Where . . . it determines that there is reasonable cause to believe that an unlawful practice has occurred or is occurring, *it shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion.*

"(b) The Commission *shall promptly notify* the aggrieved person, the person making a charge on behalf of such person, where applicable, and *the respondent,* or, in the case of a charge

filed under § 1601.10, the person aggrieved, if known, and the respondent *of its determination under paragraph (a) of this section.* The determination is final when issued." (Emphasis supplied). 29 C.F.R. 1601.19b.

That regulation, by its terms, requires the EEOC to do two things relating to the respondent when reasonable cause for the charge has been found to exist after investigation. The first duty required by the regulation is the notification of the respondent "of its determination" of reasonable cause. The second duty is to "endeavor to eliminate such practice by informal methods of conference, conciliation, and persuasion."

It is self-evident that in order to endeavor to conciliate, the EEOC must make some overt act inviting conciliation. The language of the Act as well as the regulation, 29 C.F.R. 1601.19b, does not allow the EEOC to sit back and conciliate only if the respondent takes the initiative. There is an affirmative duty upon the EEOC at least to bring to the attention of the respondent that an opportunity exists for resolution of the charge by conciliation and to invite the respondent to participate in procedures designed to lead to conciliation.

Once the opportunity has been provided a respondent to conciliate, but the respondent has either ignored the request to conciliate or has not negotiated in good faith, logic would dictate that the EEOC could terminate its efforts to conciliate. A Commission regulation, 29 C.F.R. § 1601.23, implements that logic. It provides:

> "Should a respondent refuse or fail to confer with the Commission or its representative, or fail or refuse to make a good faith effort to resolve any dispute, the Commission may ter-

minate its efforts to conciliate the dispute. In such event, the *respondent shall be notified promptly, in writing, that such efforts have been unsuccessful* and will not be resumed except upon the respondent's written request within the time specified in such notice." (Emphasis supplied).

The regulation, it should be noted, grants an important procedural benefit to the respondent, i. e., the right to be notified that the EEOC deems its efforts to conciliate as unsuccessful and terminated unless requested to be resumed by respondent within a specified time.

The notice requirement of § 1601.23 is another instance of the recognition by the EEOC regulations of the importance of conciliation attempts as part of the statutory scheme of Title VII. The regulation, in effect, grants to a respondent the right to be told that it has one last chance to attempt conciliation within a specified period.

■ Finally, the statutory policy of encouraging conciliation is demonstrated in § 1601.25 and § 1601.25a(b) of the Commission regulations. Section 1601.-25 provides:

> "In any instance in which the Commission is unable to obtain voluntary compliance as provided by Title VII it shall so notify the respondent and the aggrieved person or persons."

Section 1601.25a(b) states:

> "The Commission shall not issue a notice pursuant to § 1601.25 prior to a determination under 1601.19(b) or where reasonable cause has been found, *prior to efforts at conciliation with respondent* . . . ." 29 C. F.R. § 1601.25a(b).[1] (Emphasis supplied).

---

1. Following the 1972 amendments to the Act, the Commission, on September 27, 1972, issued changes to a number of existing regulations. Included was what was apparently intended to be a slight modification of section 1601.25a. As published in the Federal Register, however, the changed section 1601.25a is labeled as 1601.25b. Since form- er section 1602.25b does not relate to the same subject matter as the 9/27/72 version of section 1601.25b whereas that version is substantially similar to old section 1601.25a, it is apparent that the section printed by the Federal Register as 1601.25b is mislabeled and is simply an updated 1601.25a.

These two regulations make it crystal clear (1) that a respondent must be notified of the fact that the Commission has been unable to obtain voluntary compliance through methods of conciliation and (2) that this notification may not be sent prior to efforts at conciliation. These two regulations grant to the respondent an important procedural right of notice, designed to insure that the statutory mandate of attempts at conciliation is carried out.

The Fourth Circuit has stated in United States v. Heffner, 420 F.2d 809 at 811 (4th Cir. 1969), that "an agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its actions cannot stand and courts will strike it down." See also Yellin v. United States, 374 U.S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778 (1963); Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States ex rel. Brooks v. Clifford, 409 F.2d 700, 706 (4th Cir. 1969); United States v. Leahey, 434 F.2d 7 (1st Cir. 1970); Hollingsworth v. Balcom, 441 F.2d 419 (6th Cir. 1971); Smith v. Resor, 406 F.2d 141 (2d Cir. 1969); Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968). Where agency rules are intended to confer important procedural benefits upon individuals, those rules must be scrupulously observed. American Farm Lines v. Black Ball Freight Service, 397 U.S. 532, 538–539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). The EEOC Regulations referred to above are designed to confer important procedural benefits upon respondents in discrimination cases.

Against the foregoing review of the law, the undisputed facts must be applied. Napoleon A. Saunders, a black man employed by Firestone in its Riverdale, Maryland facility was released on December 31, 1971. On January 27, 1972, he filed a charge with the EEOC alleging racial discrimination. After the charge was filed, the EEOC began an investigation which included meetings between Rita Smith, who is an EEOC investigator, and several Firestone representatives, all of whom were personnel of the Firestone district office which had jurisdiction over the Riverdale facility as well as other company facilities. Upon completion of the investigation, a "determination letter" was mailed on October 27, 1972, by the EEOC under § 1601.19b of the Commission's regulations indicating that although no reasonable cause was found as to certain allegations by Saunders of racial discrimination in promotion policies, reasonable cause existed to believe that Firestone's Baltimore district did discriminate generally as to both blacks and women. Enclosed with the "determination letter" was a second letter which said, after referring to the "determination letter":

> "The Commission hereby invites your participation in conciliation discussions pursuant to Section 706(b) of the Act, as amended. Your failure to notify the Commission within seven (7) days of receipt of this letter of your intent to so participate will indicate that you do not wish to engage in conciliation discussions. In that event, the matter will be referred to the Commission's General Counsel for appropriate action."

The two letters were sent by certified mail to the Riverdale facility, not addressed to the attention of any particular person. A certified mail receipt for the letters was signed by a person whose name is similar to that of an ex-tire salesman who is no longer working for Firestone. The letters were not sent by the EEOC to the district office in Baltimore of the Firestone personnel who met with Rita Smith, the EEOC investigating employee, even though a request had been made of her that all correspondence concerning the matter be sent to them since they had responsibility for it on behalf of Firestone. No action was taken by Firestone, the responsible employees claiming that they never received the letters. No further notice was

given to Firestone. Six months later the EEOC filed this suit.

■■ On a motion for summary judgment all facts, and inferences properly drawn from those facts, must be viewed in the light most favorable to the party opposing the motion. Pierce v. Ford Motor Co., 190 F.2d 910 (4th Cir. 1955); Green v. Wells, 329 F.Supp. 559 (D.Md.1971). Under this rule there is at least a dispute of material fact as to whether the October 27 letters were in fact delivered to Firestone in such a way as to constitute notice, under the Act and § 1601.19b(b) of the regulations, of the determination of reasonable cause and an invitation to conciliate. There is no dispute, however, that no subsequent notice of any kind was mailed, delivered, or given by EEOC to Firestone or its agents prior to the institution of this suit. While it may be open to question whether § 1601.23 and § 1601.25, subsequent to the notice required by § 1601.19b, require two separate and distinct notices to a respondent in all circumstances where there has been a finding of reasonable cause before a suit can be brought by the EEOC, it is clear that those two regulations require at least one notice to respondent *after* the conciliation efforts have been made and terminated but *prior* to the institution of suit. The record here is clear that no such notice was given or attempted.

■ The October 27, 1972, letters were designed to comply with § 1601.19b and were sent *before or concomitant with the beginning of efforts to conciliate.* They cannot be said in any sense to have been sent *after* the termination of efforts to conciliate.

The Commission did not comply with its own rules, designed to confer the opportunity for conciliation in accordance with the letter of the statute. The Commission's determination to sue, therefore, cannot stand because it was reached in violation of its own rules and regulations.

The conclusion reached today does not result in the court substituting its judgment for that of the EEOC in determining whether in fact the Commission has been unable to secure a conciliation agreement acceptable to the EEOC. On the contrary, the court has merely enforced the Congressional intent, expressed through the language of the Act and of the regulations, that procedures be followed to provide an opportunity for conciliation.

Because of the view that this court has taken, it is not necessary to decide the other points raised by the motion for summary judgment or by the defendant's alternative motion to strike.

The motion for summary judgment of the defendant will be granted.