**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**GRIFFIN WHEEL COMPANY, a corporation, and International Molders and Allied Workers Union, Local No. 75, AFL–CIO, Defendants.**

**No. CA 73–429–S.**

United States District Court,
N. D. Alabama, S. D.

June 21, 1973.

Washington, D. C., for Litigation, EEOC.

Joseph Ray Terry, Jr., Acting Regional Atty., Ellis L. Bert and William F. Jordan, Attys., EEOC, Atlanta Regional Litigation Center, Atlanta, Ga., for plaintiff.

William F. Gardner, Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., for defendant Griffin Wheel Co.

John C. Falkenberry, Cooper, Mitch & Crawford, Birmingham, Ala., for International Molders and Allied Workers Union, Local No. 75, AFL–CIO.

## ORDER

HANCOCK, District Judge.

This cause came on to be heard on June 8, 1973, on the motion of the defendant Griffin Wheel Company to dismiss the complaint. The motion to dismiss presents the ground, inter alia, that the complaint does not state with sufficient specificity that the Commission, as plaintiff, has complied with the jurisdictional prerequisites required by Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C.A., § 2000e–5(f)(1)]. The motion is primarily aimed at the allegation in the complaint that "all conditions precedent to the institution of this law suit have been fulfilled," which is the only allegation in the complaint which in any way could be construed to be an allegation that the Commission has been unable to secure a conciliation agreement acceptable to the Commission.

Plaintiff Equal Employment Opportunity Commission opposes the motion on the ground that Rule 9(c) of the Federal Rules of Civil Procedure requires only that conditions precedent be pleaded as a conclusion. The Court is of the opinion that Rule 9(c) applies to the performance or occurrence of conditions precedent to liability but does not apply to matters which affect the Court's jurisdiction which are governed by Rule

William A. Carey, Gen. Counsel, Charles F. Wilson, Assoc. Gen. Counsel,

8(a). The inability of the Commission to secure from defendant a conciliation agreement acceptable to the Commission is a prerequisite established by Section 706(f)(1) which must be satisfied *before* the Commission can file a civil action. In amending Title VII in 1972 to allow the Commission to maintain suit on its own behalf, Congress emphasized the duty of the Commission to make a good faith effort to secure voluntary compliance through conciliation prior to bringing suit; and the fulfillment of this duty is necessary before a district court can entertain suit by the Commission. Being jurisdictional in nature, the complaint must at least allege in the statutory language that "the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission." While the merits of any conciliation efforts are not subject to review by this Court in an action such as this, the fact of whether or not the Commission did engage in a good faith effort at conciliation which proved unsuccessful is a matter for this Court to examine. The provisions of Section 706(f)(1) require that examination to be a threshold one. Equal Employment Opportunity Commission v. Container Corporation of America, 352 F.Supp. 262 (M.D.Fla.1972). A similar conclusion has been reached by this Court in Civil Action No. 73–201 and Civil Action No. 73–325 and is being reached this day in Civil Action No. 73–369.

Having considered the motion and being of the opinion that an effort at conciliation is jurisdictional, the Court is of the opinion that the complaint does not contain affirmative allegations sufficient to establish the requisite jurisdiction in compliance with Rule 8(a) and that the complaint is due to be dismissed with leave to amend the complaint within twenty (20) days from the date of this order.

Accordingly, it is ordered, adjudged and decreed that the complaint be and the same hereby is dismissed with leave to amend the complaint within twenty (20) days from the date of this order.