**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,**

v.

**WESTERN ELECTRIC COMPANY,
INC., Defendant.**

No. 73–181–Civil.

United States District Court,
W. D. Tennessee, W. D.

Aug. 22, 1973.

Leonard H. Cohen, United States Department of Labor, Wash., D.C., for plaintiff.

Samuel J. Weintraub, Memphis, Tenn., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PARAGRAPH 7(c) OF THE COMPLAINT AND DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT OF PARAGRAPH 7(a) OF THE COMPLAINT

ROBERT M. McRAE, Jr., District Judge.

The Equal Employment Opportunity Commission (hereinafter the Commission) brought this action against the defendant corporation to enjoin unlawful employment practices and to further prevent violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.). Specifically, the complaint charges the defendant with discriminating against Blacks in hiring; requesting information as to the applicant's arrest record on pre-employment application forms without business necessity and with the effect of discriminating against Blacks; and failing to take appropriate action to eliminate past and present "discriminatory employment policies and practices" against Blacks.

The defendant moves to strike Paragraph 7(c) of the complaint as suggesting that it is guilty of unlawful employment practices unsupported by any prior determination by the Commission that there is "reasonable cause" to believe that such practices have occurred. Such "reasonable cause" findings are alleged by the defendant to be "conditions precedent" to the institution of a Title VII suit. The defendant further moves the Court to require a more definite statement of the allegations in Paragraph 7(a) of the complaint.

As to the motion to dismiss Paragraph 7(c) of the complaint, defendants contend that the reference to "discriminatory employment practices" is so vague and all-inclusive as to encompass allegations which were not the subject of the Commission's pre-litigation investigations.

The defendant contends that each of the elements of the pre-litigation procedure is a condition precedent to the Commission's filing suit. Consequently, argues the defendant, it is necessary that the Commission conduct an investigation into each specific area of discrimination before it can sue to enforce compliance in that area.

Without admitting defendant's condition precedent argument, the plaintiffs contend that the words "discriminatory employment policies and practices" in Paragraph 7(c) of the complaint do not refer to vague, unspecified practices, but to the specific allegations of Paragraphs 7(a) and 7(b) of the Complaint. In other words, Paragraph 7(c) alleges that the defendant failed and refused to take appropriate affirmative action to eliminate its discriminatory hiring and discriminatory pre-employment application process and further failed to correct the effects of such discrimination against Blacks.

Plaintiff's general allegation, that "all the conditions precedent to the institution of this lawsuit have been fulfilled", is sufficient to give this Court jurisdiction over the subject matter and is specific enough to withstand a motion to dismiss. If the defendant's contention that jurisdiction of the Court as to Paragraph 7(c) of the complaint is meritorious, defendant can raise the issue of non-compliance with the statute in its answer or in a Motion for Summary Judgment. If it needs additional information to refute the plaintiff's allegations, it has ample discovery devices available to it under the Federal Rules.

Plaintiff's Memorandum indicates that Paragraph 7(c) is clearly part of and refers to the allegations contained in Paragraphs 7(a) and 7(b). Therefore, for the purpose of preparing an answer, the defendant may consider that the phrases "discriminatory employment policies and practices" and "past and

present discrimination" in Paragraph 7(c) of the complaint as referring only to the charges made in Paragraphs 7(a) and 7(b) of the complaint.

The second motion of the defendant requests a more definite statement of the allegations of Paragraph 7(a) of the complaint. The defendant contends that the plaintiff's allegation, that the defendant discriminates against Blacks in hiring because of their race or color, is so vague that it does not enable the defendant to know with what it is charged and it does not enable the defendant to frame an answer to the allegation.

To remedy this situation, the defendant requests this Court to require the plaintiff to include in its complaint all alleged forms of discrimination in hiring; all alleged particular acts of discrimination in hiring; the names of those Blacks against whom discrimination has been practiced by the defendant; and the time periods of each of the alleged acts of discrimination.

In support of its motion the defendant cites Sokolowski v. Swift & Co., 286 F.Supp. 775 (D.C.Minn.1968). In that case the plaintiffs sued under Title VII and alleged "that the defendant, Swift & Co., has conspired with the defendant labor organizations to discriminate against the plaintiffs because of their sex." The Court there held that the complaints were vague and ambiguous and ordered the plaintiffs to file a more definite statement which would include specific information similar to that requested by the defendants in the instant case.

*Sokolowski* can be distinguished from the case at bar. In that case the plaintiffs did not allege any specific form of discrimination by the defendant. In the instant case the plaintiff has specifically mentioned discrimination in hiring. When such an allegation has been made it may not be necessary to prove specific acts, forms or times of discrimination or to cite specific persons who are victims of discrimination. It may only be necessary to use substantial probability to infer the existence or practice of discrimination. For this reason, the information sought by the defendant may be irrelevent as well as unnecessary.

The plaintiff's complaint is sufficiently definite to enable the defendant to know with what it is charged, and to enable the defendant to answer whether it did the things charged. Furthermore, the complaint conforms to the requirements of F.R.Civ.P. 8(a) that the pleadings contain a "short and plain statement" of the jurisdiction relied upon, the claim supporting relief, and the judgment to which the plaintiff is entitled.

For the reasons stated, it is hereby ordered that defendant's Motion for a More Definite Statement of Paragraph 7(a) of the Complaint and defendant's Motion to Dismiss Paragraph 7(c) of the Complaint are denied and the defendant is hereby ordered to file its answer to the complaint within twenty days.