EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION

v.

WESTERN ELECTRIC COM-
PANY, INC.

Civ. A. No. 73-448-N.

United States District Court,
D. Maryland.

Oct. 1, 1973.

William A. Carey, Gen. Counsel, Charles F. Wilson, Associate Gen. Counsel, E. E. O. C., Washington, D. C., Delores Wilson, Regional Atty., Thomas Gibson, Associate Regional Atty., Raymond D. Goodman, Supervisory Trial Atty., and Frank J. Staley, Trial Atty., E. E. O. C., Philadelphia Regional Litigation Center, Philadelphia, Pa., and George Beall, U. S. Atty., D. Md., for plaintiff.

Michael Hertzberg, New York City, and Leonard E. Cohen and Monte Fried, Baltimore, Md., for defendant.

NORTHROP, Chief Judge.

This is an action brought by the Equal Employment Opportunity Commission (hereinafter referred to as EEOC or Commission), pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended by Public Law 92–261, 86 Stat. 103 (March 24, 1972).

The EEOC asserts that the defendant Western Electric Company, Inc. has engaged in discriminatory employment practices based on sex and race in violation of the Act. The plaintiff seeks a preliminary injunction to restrain the defendant corporation from engaging in such unlawful practices, an affirmative order compelling the corporation to institute programs to insure equal opportunity, and the employment and promotion of persons adversely affected by the present existing policies.

The defendant has filed a motion to dismiss on the ground that the complaint does not set forth a short and plain statement of the ground upon

which this Court's jurisdiction depends as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. In particular, it is asserted that the pleading should specifically allege that the EEOC satisfied each condition precedent for bringing suit in its own name under the amended Act. Then, defendant asserts the pleading should set forth the facts of the charge filed with the EEOC upon which this suit rests. As to the first contention, the complaint states in paragraph six that "all conditions precedent to the institution of this action have been fulfilled." With reference to the second point, the plaintiff's pleading generally alleges unlawful practices in terms of the hiring, assignment, promotion and discharge of certain employees. The EEOC opposes the motion on the ground that the defendant raises non-jurisdictional issues in a pleading attacking the Court's jurisdiction. Specifically, it is asserted that the defendant is challenging this Court's ability to grant relief rather than its power to entertain this type of case.

As originally enacted, Title VII of the Civil Rights Act limited the EEOC to investigatory and conciliatory powers. Only the aggrieved party was empowered to bring suit against the employer. In 1972, the Act was amended to allow the EEOC itself to bring suit in the appropriate United States District Court. However, a number of procedural steps were set out before it could secure relief through litigation. The Act provides that if a charge is filed with the EEOC, notice must be served on the offending employer and the EEOC must investigate the charge. However, where an alleged unlawful employment practice occurs in a State which prohibits such practice and which has a State authority which can grant or seek relief, the charge must be deferred until sixty days after State proceedings have been commenced, unless such proceedings have been earlier terminated. If the EEOC determines that no reasonable cause exists to support the charge, the employer is to be notified and the charge dismissed. If reasonable cause is found to support the charge, the EEOC must notify the employer and attempt to eliminate the problem through conciliation. If it is unable to secure from the employer a conciliation agreement acceptable to it within thirty days, it may then bring a civil action in the federal courts against the respondent named in the charge. Should the EEOC fail to commence suit within one hundred eighty days after the filing of the charge, it must notify the aggrieved person. The individual then has ninety days in which to file suit.

This is one of only a few cases to arise subsequent to the amendment of Title VII empowering the EEOC to bring suit. Consequently, there is not the same body of precedent which developed after the original Act was passed. Nevertheless, it is the Court's opinion that the statutory scheme set forth is jurisdictional in nature and requires the Commission to allege satisfaction of each condition precedent.

In so holding, this Court finds most persuasive the reasoning of the court in Equal Employment Commission v. Container Corp. of America, 352 F.Supp. 262 (M.D.Fla.1972). There, as in the instant case, the EEOC filed a complaint which alleged generally that all conditions precedent to the suit had been satisfied. In granting the defendant's motion to dismiss with leave to amend, that court stated:

> The Court views each one of the deliberate steps in this statutory scheme —charge, notice, investigation, reasonable cause, conciliation—as intended by Congress to be a condition precedent to the next succeeding step and ultimately legal action. Certainly, the EEOC does not contend that it could skip one or more of these steps at will. The language of the Act is mandatory as to each step and the Commission must complete each step before moving to the next. [352 F. Supp. at 265].

The issue involved is the *existence* of all the statutory preconditions and not the *extent* to which they have been pursued.

The court concluded that the question of the EEOC's satisfaction of the statutory conditions precedent to suit was indeed a necessary subject of judicial inquiry. Since the complaint included only a general allegation and did not allege with particularity the actions taken by the Commission to comply with the statutory conditions, the motion to dismiss was granted.

Nor is the *Container Corp.* case the only decision to hold to this viewpoint. In Equal Employment Opportunity Commission v. Griffin Wheel Co. et al., 360 F.Supp. 424 (S.D.Ala.1973), the EEOC filed a complaint which alleged, as in this instant case, that "all conditions precedent to this lawsuit have been fulfilled." The defendant filed a motion to dismiss on the ground that the complaint did not specifically state that the Commission had been unable to secure an acceptable conciliation agreement. In holding that the inability of the EEOC to procure a satisfactory conciliation agreement was a prerequisite before the Commission could file suit, the court found:

In amending Title VII in 1972 to allow the Commission to maintain suit on its own behalf, Congress emphasized the duty of the Commission to make a good faith effort to secure voluntary compliance through conciliation prior to bringing suit; and the fulfillment of this duty is necessary before a District Court can entertain suit by the Commission. Being jurisdictional in nature, *the complaint must at least allege in the statutory language* that "The Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission." (emphasis added).

■ The court also addressed itself to a contention which the EEOC has raised in a footnote to its legal memorandum. The Commission contends that Rule 9(c) of the Federal Rules of Civil Procedure requires only that conditions precedent be pleaded in a general manner. Rule 9(c) provides, in part, that:

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred . . . .

While the statutory language appears broad, this Court believes that Rule 9(c) applies to the performance or occurrence of conditions precedent to liability. It does not apply to matters which affect the Court's jurisdiction. Equal Employment Opportunity Commission v. Griffin Wheel Co. et al., *supra.* That issue is governed by Rule 8(a).

This Court is aware of several decisions which have held to the contrary on this issue. *See* Equal Employment Opportunity Commission v. Missouri Pacific Railroad Co. et al., C.A. No. 73–127 (W.D.Tenn., July 10, 1973); Equal Employment Opportunity Commission v. Bartenders International Union, Local 41, 6 E.P.D. ¶8702 (N.D.Cal.1973); EEOC v. Pick-Memphis Corp., 5 E.P.D. ¶8471 (W.D.Tenn.1973). However, this Court believes that these decisions fail to consider the substantive change in the law which permitted the EEOC to bring suit. Prior to the amendment of Title VII, a number of courts held that the failure of the Commission to follow one or more of the steps did not bar the aggrieved individual from filing suit. *See* Johnson v. Seaboard Air Line Railroad Co., 405 F.2d 645 (4th Cir. 1968). The rationale for this decision was that the Commission's failure to follow all of the prescribed steps should not prejudice the individual's right to litigate. At times the Commission's workload was so heavy that it was unable to investigate or conciliate within the required time periods. To require the individual to wait for the Commission to complete its task would have meant that many aggrieved persons would have been unable to bring suit. Such a result would have defeated the purpose of the statute. Under the amended Act, there is no such dependence on the Commission. The

EEOC itself can bring the civil action after it has *in fact* completed the necessary procedures, i. e., charge, notice, investigation, reasonable cause, and conciliation.

It is significant that pre-amendment courts generally held that before an action was properly instituted under Title VII, an aggrieved person had to file a charge with the EEOC within ninety days of the alleged violation. Suit had to be in the United States District Court within thirty days of receiving notice of the Commission's failure to achieve voluntary conciliation. "These requirements are *jurisdictional* and must be *specifically alleged*." Logan v. General Fireproofing Co., 309 F.Supp. 1096 (W. D.N.C.1969) (emphasis added). While the courts were in disagreement as to what additional steps of the Act were jurisdictional vis-a-vis private suit, recognition that the statutory scheme involved jurisdiction is sufficient to refute the Commission's contention that only matters of relief are before this Court.

The defendant also contends that the Commission failed to sufficiently identify the nature of the charge filed with it so as to properly determine the scope of the pending litigation. Generally, courts have refused to confine an aggrieved individual in his enforcement suit to the allegations contained in his original EEOC complaint. Tedford v. Airco Reduction, Inc., 4 E.P.D. ¶7654 (5th Cir. 1972). The test applied was first articulated in King v. Georgia Power Company, 295 F.Supp. 943, 947, 1 E.P.D. ¶9904 (N.D.Ga.1968):

> The correct rule is that the complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the charge and growing out of such allegations during the pendency of the case before the Commission.

The Fourth Circuit recently has affirmed a similar test enunciated in Phillips v. Columbia Gas of West Virginia, 347 F.Supp. 533, 548–549, aff'd, 474 F. 2d 1342 (4th Cir. 1973). The lower court held that:

> . . . the complaint in district court should bear some resemblance to the charge filed . . . . [A] complaint in a civil action asserting jurisdiction under Section 706(f) . . . is limited "to that range of issues that would have been the subject matter of conciliation efforts between the EEOC and the employer. If the civil action were not so limited, then the primary emphasis of this Title would be circumvented, i. e., an emphasis upon voluntary settlement of all issues without action in the District Court."

In applying this rule, the courts have been confronted by two opposing policy considerations. On the one hand, the courts have taken into account that the original complaint is ordinarily filed by "unlettered" laymen who may be ignorant of or unable to thoroughly describe the discriminatory practices to which they have been the object. As a result, many courts have construed the factual allegations in EEOC complaints broadly so as to effectuate the purposes of the Act. Tedford v. Airco Reduction, Inc., 4 E.P.D. ¶7654 (5th Cir. 1972); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970). On the other hand, courts have recognized that the Act favors informal persuasion and voluntary compliance which would be undermined if the parties were free to litigate allegations in the federal court which were never brought before the EEOC for investigation and conciliation. Arey v. Providence Hospital, 55 F.R.D. 62 (D. D.C.1972); Tedford v. Airco Reduction, Inc., *supra;* Edwards v. North American Rockwell Corp., 291 F.Supp. 199 (C. D.Cal.1968).

In its determination of the scope of the litigation, prior courts at least knew of the substance of the original charge so that a comparison could be drawn with the civil complaint. This Court has no such knowledge. The Commission has neither stated the allegations contained in the charge nor attached a

copy to the civil pleading as an exhibit. This Court is confronted only with bald conclusions. It may be that the EEOC's suit will not be limited and it can go forward as planned. But there is no way of making that determination with the case in its present state.

For the above reasons, this Court believes that an amended complaint is required setting forth with greater specificity the conditions precedent to suit and the nature of the charge upon which the suit is predicated. This Court wishes to emphasize that it is not criticizing Congress for permitting the EEOC to sue in its own name. Congress has done a service not only to the individuals whose rights may be impaired, but also to the courts which can now hear these cases clearly and expeditiously. However, an administrative agency with its very capable legal staff should be able to come before this Court and delineate the issues to be considered.

Accordingly, it is ordered that the defendant's motion to dismiss be and is hereby granted with leave to the plaintiff to amend its complaint within twenty (20) days from the date of this opinion.