**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION**

v.

**WESTVACO CORPORATION et al.**

**Civ. No. 72–793–B.**

United States District Court,
D. Maryland.

March 25, 1974.

Jack L. Gould, Baltimore, Md., Vincent A. Fuller, Jr., and Cynthia Gitt, Washington, D. C., for plaintiff.

Stanley Mazaroff, Baltimore, Md., for defendant Westvaco Corp.

Warren Woods and Leonard Appel, Washington, D. C., and Cosimo C. Abato, Baltimore, Md., for defendants Local 676 and International Union.

## MEMORANDUM OPINION

BLAIR, District Judge.

This is one of many suits filed by the Federal Equal Employment Opportunity Commission (EEOC) soon after March

24, 1972 when it obtained the right to bring suits in its own name to enforce the national policy against discrimination in employment.

Suit was filed on August 3, 1972 pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (hereinafter Title VII), 42 U.S.C. § 2000e et seq., as amended by Public Law 92–261, 86 Stat. 103 (March 24, 1972). The EEOC alleges that the defendants Westvaco, Local 676, and the International Union have engaged and are engaging in various unlawful discriminatory practices against females in violation of § 703(a) and (c) of Title VII.

All defendants contend that because the EEOC failed to comply with the statutory and other prerequisites to suit under Title VII that (1) the court lacks jurisdiction over the subject matter and (2) the complaint fails to state a claim upon which relief can be granted. These contentions were presented to the court at a pre-trial hearing, were fully briefed and argued and are now before the court for disposition. The court will treat these contentions as motions for summary judgment.[1]

## I.

Since defendants' contentions rest primarily on the claims that the EEOC failed to determine reasonable cause and failed to afford even an opportunity for conciliation, as the defendants assert both Title VII and the EEOC regulations require, a review of the provisions of the statute and the regulations pertinent to these claims is in order.

Prior to March 24, 1972, Title VII as enacted in 1964 gave the EEOC only investigatory and conciliatory powers. The EEOC had no right to sue. A charge of discrimination could be filed by a person aggrieved or a member of the Commission within 90 days of the alleged unlawful practice and the respondent was to be furnished a copy of the charge. The EEOC was then to investigate the charge, and, if it determined after such investigation that there was reasonable cause to believe the charge was true, it was to attempt to eliminate the alleged unlawful practice by informal methods of conference, conciliation and persuasion. The aggrieved individual could bring suit against the respondent within a specified time after filing the charge with the EEOC.

It was on March 24, 1972 that Title VII as amended gave the EEOC the right to sue in its own name. As amended, the law provided that a charge may be filed by a person aggrieved or member of the Commission within 180 days, with exceptions not here pertinent, after the alleged unlawful employment practice. Pursuant to the amended statute, notice of the charge shall be served on the respondent within 10 days after the charge is filed. The Commission shall investigate the charge and determine whether there is reasonable cause to believe that the charge is true. If it determines there is no reasonable cause, the charge shall be dismissed. If it determines there is reasonable cause, it shall endeavor to eliminate the alleged unlawful practice by informal methods of conference, conciliation and persuasion. If within 30 days after the charge is filed, the EEOC has been unable to secure from the respondent a concilia-

---

1. In their answers, each defendant has raised affirmative defenses that the court lacks jurisdiction over the subject matter and the complaint fails to set forth claims upon which relief can be granted. Thereafter Westvaco moved successively (1) that its affirmative defenses be heard before trial, (2) to dismiss the suit with prejudice, (3) to dismiss for failure to state a claim under Rule 12(b)(6) and (4) finally, orally for summary judgment. Local 676 and International Union have moved to dismiss with prejudice. Since all defendants have asserted defenses under Rule 12(b)(1) and (6), however they were raised, and these contentions were considered at pre-trial hearing, the court deems the defenses to be properly before it for pre-trial disposition. Rule 12(d). Since matters outside the pleadings were presented by both sides and considered by the court the defenses will be treated as motions for summary judgment. Rules 12(b) and 56.

tion agreement acceptable to it, a civil action may be brought by the EEOC. The aggrieved individual may sue in his own right if within 180 days from the filing of the charge the Commission has not brought suit or entered into a conciliation agreement to which the aggrieved individual is a party or earlier if the charge is dismissed. Thereafter, the aggrieved individual has 90 days within which to commence a civil suit in his own right.

■ It would seem abundantly clear from the language of the Act itself that a reasonable cause determination as to the truth of the charge and an opportunity for informal resolution of the charges lie at the heart of the statutory scheme behind Title VII. In support of such a conclusion, the following provisions of the Act are pertinent:

Whenever a charge is filed . . . the Commission shall serve a notice of the charge . . . [on the respondent] within ten days, and shall make an investigation thereof. . . . If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. . . . If the Commission determines after such investigation that there is reasonable cause to believe the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. . . . The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge. . . .

42 U.S.C. § 2000e–5(b). Similarly, the Act states subsequently that "[i]f within thirty days after a charge is filed with the Commission . . ., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action. . . ." 42 U.S.C. § 2000e–5(f)(1).

If the language of the Act itself permits any doubt as to its meaning, that doubt is quickly removed by reference to its legislative history. Senator Dominick, the principal architect of the 1972 Amendment that empowered the Commission to bring suit in its own name, stated that "[m]y amendment would take over at the level where conciliations fail." 118 Cong.Rec.S. 170 (Jan. 20, 1972). "What the amendment does . . . is . . . provide for trial in the U. S. District Courts whenever the EEOC has investigated a charge, found reasonable cause to believe that an unlawful employment practice has occurred, and is unable to obtain voluntary compliance." 118 Cong.Rec.S. 221 (Jan. 21, 1972). Similarly, the senior House conferee on the 1972 Amendment ventured the opinion that "[o]nly if conciliation proves to be impossible do we expect the Commission to bring action in federal district court to seek enforcement." Cong.Rec.H. 1861 (Mar. 8, 1972). (Remarks of Congressman Perkins, introducing the Conference Report on House Resolution 1746). This expectation found further expression in the remarks of Senator Williams: "[The amendment] now authorizes the EEOC . . . to file a civil action against the respondent in an appropriate Federal District Court, if it has been unable to eliminate an illegal unlawful employment practice by informal methods of conference, conciliation and persuasion." 118 Cong.Rec.S. 3461 (Mar. 6, 1972).

Pursuant to the authority contained in Title VII, the EEOC adopted regulations which appear at 29 CFR § 1601.1 et seq., as amended 37 FR 20163 (Sept. 27, 1972). The regulations adopted show a clear and consistent understanding on the part of the EEOC of the statutory requirements of Title VII and the congressional intent manifested in its enactment. The court notes the following

regulations as particularly pertinent to the questions in the instant case.

Section 1601.13 provides that upon the filing of a charge the EEOC shall furnish the respondent with a copy. Section 1601.14 provides that the charge is to be investigated by the EEOC. Section 1601.19a provides for an investigation by a field director of the EEOC. Section 1601.19c provides for "predecision" settlement discussion and for forwarding "the full investigation file to the Commission for determination as to reasonable cause."

Section 1601.19d is particularly pertinent. It provides:

(a) Following the receipt of the full investigative file, the Commission shall consider and decide the issues presented and serve a copy of its decision upon the parties. If the Commission determines that the charge fails to state a valid claim for relief under Title VII, or that there is not reasonable cause to believe that a charge is true, the Commission shall dismiss the charge. Where, however, the Commission determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, it shall endeavor to eliminate such practice by informal methods of conference, conciliation, and persuasion.

(b) The Commission shall promptly notify the charging party, the respondent and, in the case of a charge filed under § 1601.10, the person aggrieved, if known, of its determination under paragraph (a) of this section.

Section 1601.22 provides that "[i]n conciliating a case in which a determination of reasonable cause has been made, the Commission shall attempt to achieve a just resolution. . . ." Section 1601.25a(b) provides that "the Commission shall not issue a notice [of the failure of conciliation] pursuant to § 1601.-25 prior to a determination under § 1601.19d, or where reasonable cause has been found, prior to efforts at conciliation with respondent. . . ."

With this explication of the applicable portions of Title VII and the EEOC regulations, the court will now turn to the processing of the charges giving rise to this suit.

## II.

The suit has its origins in charges of sex discrimination filed with the EEOC by two employees of Westvaco who were members of Local 676. Norma E. Springer filed a charge with the Commission in May 1969 and Claudine Beard filed a charge in February 1970. The charges were processed through the office of the EEOC Area Director who, in September 1970 and March 1971, issued findings of fact on the Springer and Beard charges, respectively. The findings did not purport to make a determination of reasonable cause and indicated that the EEOC had not reached any conclusion regarding the merits of the charges. The Area Director's letters invited Westvaco and Local 676 to enter into predecision settlement discussions and indicated that if settlement was reached no determination on reasonable cause would be made by the EEOC. Pertinent portions of the EEOC's regulations were enclosed.

A March 25, 1971 letter from the Area Director to Westvaco and Local 676 concerning the Springer charge stated:

[I]n the event that the case proceeds to a decision, the Commission will consider the entire record including the Exceptions incorporated into the file. As stated in my letter of February 22, 1971, we are in a position to discuss settlement of this matter with you, prior to referring it to the Commission for a formal decision.

Predecision settlement discussions continued periodically until January 17, 1972 when Westvaco and Local 676 were advised in a letter from the EEOC Area Director that discussions had come to an impasse. On January 27, 1972, counsel for Westvaco wrote to the EEOC Baltimore office requesting that the EEOC render a decision on the charges. The

EEOC responded by expressing the hope that the charges would clear the decision process in the near future.

On March 24, 1972, the Amendments to Title VII became effective and the EEOC was authorized to bring suit in its own name on charges of discriminatory employment practices. On August 3, 1972, without formal determination of reasonable cause or any effort to conciliate following such a determination of reasonable cause, or without affording any opportunity to respondents to conciliate, the EEOC filed the instant case.

The EEOC advised respondents on November 10, 1972 in the case of the Springer charges and on December 22, 1972 in the case of the Beard charges that it had made its formal determination that there was reasonable cause to believe that the charges were true which formed the basis for the suit already filed on August 3, 1972. These letters solemnly advised the defendants in this suit that "the matter [upon which suit had already been brought] will be referred to the Commission's General Counsel for appropriate action."[2] Notwithstanding the lateness of the hour, post-suit discussions were conducted toward a resolution of the matters in issue, but those efforts failed.

### III.

The court must first deal with the contention raised by all defendants that the court lacks subject matter jurisdiction in the premises because the EEOC failed to make a timely reasonable cause determination and failed even to permit an opportunity for conciliation thereafter before filing suit.

In accordance with Rule 8(a) of the Federal Rules of Civil Procedure, the EEOC has included in its complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends" and in accordance with Rule 9(c)

has pleaded "generally that all conditions precedent have been performed or have occurred." Specifically, the EEOC has alleged that "individuals claiming to be aggrieved have filed, more than 30 days prior to the institution of this suit, charges of discrimination against the defendants herein with the Commission. All conditions precedent to the institution of this suit have been fulfilled."

There are cases which hold that the failure to allege in the complaint with factual particularity that certain statutory requirements have been met requires dismissal of the action for lack of subject matter jurisdiction. EEOC v. Griffin Wheel Co., 360 F.Supp. 424 (N.D.Ala.1973); EEOC v. Western Electric Co., 364 F.Supp. 188 (D.Md.1973). It is worth noting, however, the apparent finality of these holdings was qualified to some extent by the fact that the EEOC was granted leave to amend the complaint to cure the deficiencies found by the court. Other cases would by analogy suggest that other courts entertained a similar view of the law. *See, e. g.,* EEOC v. Standard Forge & Axle Co., 6 FEP Cases 554 (M.D.Ala.1973), which dismissed the complaint under Rule 41(b), and Brennan v. Weis Markets, 5 FEP Cases 850 (M.D.Pa.1973), a case arising under the Age Discrimination in Employment Act. Defendants also seem to find comfort in EEOC v. Container Corporation of America, 352 F.Supp. 262 (M.D.Fla.1972).

Other cases have taken the view that it is not necessary for the EEOC to set forth factually in the complaint the steps that have been taken in processing the charge in order for the court to have subject matter jurisdiction over the case. *See* EEOC v. Mobil Oil Corporation, 362 F.Supp. 786 (W.D.Mo.1973); EEOC v. Bartenders, Local 41, 369 F.Supp. 827 (C.D.Cal.1973); EEOC v. Pick-Memphis Corp., 5 FEP Cases 1310

---

2. The court will be remiss not to observe that if the "matters" involved in this suit as well as those in numerous other reported cases brought by EEOC had in fact been referred to the Commission's General Counsel

for appropriate action at an *appropriate* time, the vexing problems presented by these cases need not have arisen and a sound national policy against discrimination would have been better served.

(W.D.Tenn.1973); EEOC v. Eagle Iron Works, 367 F.Supp. 817 (S.D.Iowa 1973); EEOC v. Western Electric Co., 369 F.Supp. 1002 (W.D.Tenn.1973).

 This court is persuaded that the holdings in the latter line of cases represent the correct exposition of the law. If the complaint contains, as does the one in this case, a short and plain statement of the grounds upon which the court's jurisdiction depends, there is a colorable showing of a case over which the court has subject matter jurisdiction. Of course, if it is shown at any point in the case that matters essential to subject matter jurisdiction are absent, the case is not properly before the court. In this case, the record has been expanded through discovery and the filing of memoranda and affidavits. A review of the record convinces the court that none of the acts or omissions of which the defendants complain shows a lack of subject matter jurisdiction in the premises. In particular, the EEOC's alleged failure to make a timely reasonable cause determination and after such determination to attempt conciliation of the charges before filing suit goes to whether a claim has been stated upon which relief can be granted rather than to subject matter jurisdiction. Accordingly, based upon the allegations in the complaint and the record as expanded, the court holds that it has subject matter jurisdiction over the case.

### IV.

It remains to determine whether the EEOC failed to make a proper reasonable cause determination and failed to attempt conciliation and, if it did fail in these respects, whether these failures entitle defendants to summary judgment.

 A point of departure for this analysis must be the recognition that Title VII, as amended, is remedial legislation and is, therefore, entitled to liberal construction. Johnson v. Seaboard Air Line R. Co., 405 F.2d 645 (4th Cir. 1968), cert. denied sub nom., Pilot Freight Carriers, Inc. v. Walker, 394 U.

S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969). Liberal construction, however, is not the equivalent of license. While it has been noted "that Title VII . . . should not be construed narrowly", Tipler v. E. I. duPont de Nemours and Co., 443 F.2d 125, 131 (6th Cir. 1971) and that federal courts "have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act," Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460–461 (5th Cir. 1970), it has also been recognized that an intentional disregard of the statutory provisions in a case brought by a private suitor could defeat the suit, Stebbins v. Nationwide Mut. Ins. Co., 382 F.2d 267 (4th Cir. 1967). In short, there is nothing about the principles of liberal construction that would justify in this instance the court's rewriting an act of Congress and nothing that would permit the EEOC to flout in essential particulars Title VII and its own regulations promulgated pursuant thereto.

 Prior to the 1972 Amendment to Title VII (and subsequently thereto in the case of suits brought by private person) it was generally held that the failure of EEOC to attempt to conciliate was not a bar to suit by an individual based on an alleged unlawful discriminatory employment practice. See Johnson v. Seaboard Air Line R. Co., *supra.* The sound rationale of those cases was that the derelictions of the EEOC should not bar the right of the aggrieved individual to sue on the alleged discriminatory practice. On the other hand, in those suits brought by the EEOC since it was empowered to sue in 1972, the courts have generally held the EEOC to a higher standard of compliance with the requirements of the Act and its own regulations. EEOC v. Pick-Memphis Corp., 5 FEP Cases 1310 (W.D.Tenn.1973); EEOC v. Bartenders, Local 41, 369 F. Supp. 827 (C.D.Cal.1973); EEOC v. Griffin Wheel Co., 360 F.Supp. 424 (N. D.Ala.1973). Underlying these decisions is an equally sound rationale. Contrary to the individual suitor, the EEOC, presumably possessed of a body of expertise

and supported by a competent staff, may be selective in exercising jurisdiction over charges filed and may, to a large degree, determine the pace with which it will pursue any particular charge. Thus, it is held, and not unreasonably so, that an agency of the federal government should be held to a higher standard of compliance with federal law and its own regulations than private individuals.

In the processing of the charges giving rise to the instant suit, Westvaco and Local 676 willingly engaged in what the EEOC calls its predecision settlement discussions. They were repeatedly advised and, based on the provisions of Title VII and the EEOC's regulations, reasonably believed that if the charges were not resolved in predecision settlement discussions the matter would be referred to the EEOC for a reasonable cause determination. If the EEOC determined that there was reasonable cause to believe that the charges were true, the matters giving rise to the charges were to be the subject of conciliation between the EEOC and the defendants. Indeed, these were the steps that Title VII, together with the EEOC regulations, provided for the handling of the charges. As noted earlier in this opinion, Title VII provides in part: "[i]f the Commission determines after investigation that there is reasonable cause to believe that the charge is true, the Commission *shall* endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion." 42 U.S.C. § 2000e–5(b) (emphasis supplied). Clearly, conciliation was at the heart of the original Act and the Act as amended in 1972. 84 Harv.L.R. 1109, 1197–99 (1971); *accord*, Tedford v. Airco Reduction, Inc., 4 FEP Cases 406, 408–09 (5th Cir. 1972); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 467 (5th Cir. 1970); Culpepper v. Reynolds Metals Co., 421 F.2d 888, 891 (5th Cir. 1970); Cong.Rec.H. 1861 (Mar. 8, 1972); Sen. Comm. on Labor and Public Welfare, Report on S. 2515 (No. 92–4515, pp. 1, 7, 20; House Comm. on Education and Labor Report on H.R. 1746 (No. 92–230), pp. 5, 9, 27.

■ The EEOC argues in effect that the aforementioned provision of Title VII is directory rather than mandatory and, even if mandatory, the EEOC should be held only to the standard of substantial compliance. The word "shall" is part of the language of Title VII and of the EEOC regulations. "Shall" ordinarily bespeaks of the mandatory. Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947); United States v. Ganz, 48 F. Supp. 323, 327 (D.Mass.1942). However, the rule is not fixed. Whether a word used in a statute is given a mandatory or directory construction is to be determined from the provisions of the statute, the context in which it is used and the intent of the legislature. Austrian v. Williams, 120 F.Supp. 900, 905 (S.D.N.Y.1953); City of Boston v. Quincy Market Cold Storage & Warehouse Co., 312 Mass. 638, 45 N.E.2d 959, 965 (1942). In the above-quoted provision, the court finds that the word "shall" must be given a mandatory construction. That is not to say that the statutory language should be read as requiring the EEOC to affirmatively pursue respondent in an attempt to cajole an agreement from him. Rather, the language requires only that the EEOC provide the opportunity for conciliation. Johnson v. Seaboard Air Line R. Co., 405 F.2d 645 (4th Cir. 1968), cert. denied sub nom., Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); EEOC v. Firestone Tire and Rubber Co., 366 F. Supp. 273 (D.Md.1973).

■ The EEOC regulations reinforce the court's finding that the quoted provision from Title VII must be given a mandatory construction. If reasonable cause is found, the EEOC "shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion." Section 1601.19d(a). Furthermore, the regulations state that the EEOC "shall promptly notify" the par-

ties of its determination of reasonable cause, Section 1601.19d(b), and, thereafter, "the Commission *shall* attempt to achieve" voluntary compliance. Section 1601.22. If the EEOC has been unable to obtain voluntary compliance through conciliation, "it *shall* so notify" the parties. Section 1601.25. And if reasonable cause is determined to exist, conciliation fails, and the parties are so notified, the EEOC may bring a civil action against the respondent named in the charge. Section 1601.25b(c). (All emphasis supplied). Thus, the EEOC regulations leave no doubt whatever that the EEOC also recognized conciliation after a determination of reasonable cause as an essential step to be taken before suits were filed on charges of discrimination. "When faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration." Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). When that deference is accorded in this case, the unambiguous language of the EEOC's regulations on the question of the requirements for a reasonable cause determination and an opportunity for conciliation support the conclusion that the requirements are mandatory.

 The court need not rest its finding on the statutory violations alone. Other courts have dismissed suits when the EEOC merely failed to comply with its own regulations. In EEOC v. Firestone Tire & Rubber Co., 366 F.Supp. 273 (1973), Judge Miller of this court had the following observation:

> The Commission did not comply with its own rules, designed to confer the opportunity for conciliation in accordance with the letter of the statute. The Commission's determination to sue, therefore, cannot stand because it was reached in violation of its own rules and regulations.

The rationale behind this view is sound. Governmental agencies ' must comply with their own regulations, at least where the regulations are intended primarily to confer important procedural benefits. American Farm Lines v. Black Ball Freight Service, 397 U.S. 532, 538–539, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970).

 In response to a request for admissions, the EEOC admitted that, "[p]rior to bringing the present civil action against defendant Westvaco, plaintiff Commission did not determine pursuant to plaintiff Commission's procedural regulations (29 CFR § 1601.-19b(a)) that there was reasonable cause to believe that an unlawful employment practice occurred or was occurring at Westvaco." It noted, however, that it did make findings of fact in the early investigatory stage and had made a formal determination of reasonable cause after suit was filed. The EEOC also admitted that "[p]rior to bringing the present civil action against defendant Westvaco plaintiff Commission did not notify Westvaco of the determination as to [reasonable] cause pursuant to plaintiff Commission's procedural regulations (29 CFR § 1601.19b(b))." It stated, however, that after suit was filed it did notify respondents that reasonable cause had been found. The EEOC further admitted that it "did not attempt . . . conciliation pursuant to . . . 29 CFR § 1601.22". It stated, however, that a just resolution was attempted in the predecision settlement discussions.

 It is true that the courts should give great deference to an agency's interpretations of its own regulations. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Bowles v. Seminole Rock Co., 325 U.S. 410, 413–414 (1945). However, the derelictions noted above did not arise out of any uncertainty as to interpretation of the EEOC regulations. The EEOC actions in the instant suit were bald and unambiguous violations of the plain language of its own rules, which were intended to provide the opportunity for conciliation. As a result, it could be persuasively argued that these failures without more would justify dismissal. Of course, the court need not ground its decision on

these failures alone because in the instant suit the EEOC derelictions rise to the statutory level.

This court finds that the language of Title VII relating to the points at issue now before the court is mandatory and not directory. It also concludes that the EEOC has neither strictly complied nor substantially complied with the applicable provisions of Title VII. Accordingly, the court finds as facts beyond dispute that the EEOC did not make a proper determination of reasonable cause with respect to the charges and did not provide an opportunity for conciliation before suit was filed.

The court concludes as a matter of law that on the undisputed facts of this case the defendants are entitled to summary judgment. This conclusion makes it unnecessary to pass on the plethora of other points raised by some or all defendants.[3]

## V.

A few final words. The court recognizes that the grant of summary judgment in this case may bar the specific relief sought on behalf of various individuals not parties to the suit. It also recognizes that those individuals who filed charges with the EEOC had a right under Title VII to sue in their own behalf and presumably elected not to do so. While their reliance on the EEOC may have been misplaced, that is insufficient cause to reach a contrary result in this case. Moreover, it is highly doubtful that the issues of alleged unlawful discriminatory employment practices involved in this suit will be entirely put to rest by the court's ruling here. If the defendants are engaging in unlawful practices, the matter may be litigated in other suits, and if such practices are found to exist the national policy against discriminatory employment practices will be enforced. The record in this case reveals that other charges were filed with the EEOC against the respondent Westvaco alleging similar practices in 1971. Pending before this court is the case of Local 676 v. Westvaco, Civil No. 72–1250–B, which raises some of the same issues present in the instant case. Thus, it is not likely that the broad general issues will go unresolved even though summary judgment will be granted in the present case.

Lastly, the EEOC urges the court to be mindful of the *res judicata* effects of a summary judgment in this case. The court is mindful.

In accordance with Rule 58, Fed.R. Civ.P., judgment for the defendants will be entered separately.

3. The court notes in passing that the International Union claims that the suit may not be maintained against it because no charge of discrimination was ever filed against the International Union. This is an undisputed fact. Title VII, as amended effective March 24, 1972, provides that the Commission shall serve notice of a charge on the respondent within ten days. Before March 24, 1972, Title VII contained no such limitation in time. In this case, the charges were filed before and the suit was filed after March 24, 1972. The EEOC alleges that the International Union was a signatory to the collective bargaining agreement and had a principal/agent relationship to Local 676. For cases holding that failure to name a party in the charge required dismissal, see, Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967); Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969); Butler v. Local No. 4, 308 F.Supp. 528 (N.D.Ill.1969); EEOC v. Container Corp. of America, 352 F.Supp. 262 (M.D.Fla.1972). For cases which apparently reached a contrary conclusion on the facts there presented, see Evans v. Sheraton Park Hotel, 4 FEP Cases 1263 (D.D.C. 1972); see also Torockio v. Chamberlain Mfg. Co., 51 F.R.D. 517 (W.D.Pa.1970); Reyes v. Missouri-Kansas-Texas R.R. Co., 53 F.R.D. 293 (D.Kan.1971). Because of the court's disposition of the motion on the other grounds, it will not be necessary to rule on this contention.