EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,

v.

AIR GUIDE CORPORATION,
Defendant.

No. 75–415–Civ–WM.

United States District Court,
S. D. Florida.

June 19, 1975.

Richard F. Landrigan, Trial Atty., E. E. O. C., Atlanta Regional Litigation Center, Atlanta, Ga., for plaintiff.

Mershon, Sawyer, Johnston, Dunwody & Cole by Joseph W. Beasley, Miami, Fla., for defendant.

ORDER

GRANTING DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT

MEHRTENS, District Judge.

This Cause came before the Court upon the Defendant's Motion To Dismiss And/Or For Summary Judgment, Motion For More Definite Statement and Motion To Strike and Plaintiff's Motion To Strike. On May 22, 1975, it was ordered and adjudged that portions of the Complaint relating to discrimination based on race and color, failures to recruit, and employment practices other than hiring be struck, and that Defendant's Motion For More Definite Statement be denied, and that Plaintiff's Motion To Strike also be denied. It was further ordered and adjudged that a ruling on the Motion To Dismiss And/Or For Summary Judgment be reserved pending an evidentiary hearing on said Motion.

On June 12, 1975, said hearing was conducted before the Court and was limited to the issue of receipt by the Defendant of notice that a charge had been filed against it, which is required by Section 706(b) of Title VII, as amended effective March 24, 1972 [42 U.S.C.A. § 2000e–5(b)]. The hearing was evidentiary, and at the conclusion thereof the Court found that, assuming that the general practice of the district office of Plaintiff was followed in this instance, a notice [EEOC Form 131] in a properly addressed and stamped envelope was mailed raising a presumption of receipt by the addressee. However, the Defendant offered substantial and credible proof that no Form 131 was, in fact, received. Said proof was sufficient to completely rebut the presumption of receipt raised by the Plaintiff, and because there was no evidence of receipt, there is no genuine question of material fact as to the Defendant's failure to receive notice that a charge had been filed. Accordingly, a Summary Final Judgment for Defendant is hereby granted.

More specifically, in its Complaint herein, the EEOC generally alleged compliance with conditions precedent as a part of its claim for relief as it was entitled to do under EEOC v. Standard Forge & Axle Co., 496 F.2d 1392 (5th Cir. 1974). The Defendant moved to dismiss pursuant to Fed.R.Civ.Pro. 12(b) and converted said motion into a Motion For Summary Judgment by attaching sworn statements to its motion. Arrington v. City of Fairfield, 414 F.2d 687 (5th Cir. 1972). Upon an examination of the affidavits and witnesses presented at hearing, it is undisputed that the only charge filed against Defendant, which was, of course, the charge upon which the Complaint was based, was filed on October 24, 1972. Plaintiff did produce a file copy of a Form 131 addressed to "Airguide, Inc." and dated within ten days after October 24, 1972, and further offered testimony as to its routine mailing practices at that time. Defendant offered testimony and sworn statements establishing its practice at the time in question for handling incoming mail addressed simply to the company and otherwise. The Defendant further demonstrated through the testimony of its office manager, general manager, and president, who are the persons who invariably receive mail addressed such as the Form 131, that no Form 131 was received, and that Defendant was first notified that it had been charged between August 7, 1973, and August 10, 1973, when it received a letter addressed to "Air Guide Corporation" from an EEOC investigator supposedly accompanied by a copy of the charge of October 24, 1972, but actually accompanied only by a request for documents and an acknowledgment of receipt of Notice. Defendant was not notified of the circumstances of the claim against it until it was actually presented with a copy of the charge on October 22,

1973. There was absolutely no evidence of receipt of the Form 131 by Defendant. As a result, the Court concludes after weighing all the evidence that no Form 131 (Notice Of Filing Of Charge) was received by the Defendant and the first notification. Defendant received from Plaintiff was between August 7, 1973, and August 10, 1973.

When Title VII proceedings are instituted by the EEOC, the EEOC in large part represents the public interest. *See* EEOC v. Griffin Wheel Company, 511 F.2d 456 (5th Cir. 1975). While the courts have been quite liberal in allowing aggrieved individuals to maintain private suits despite the failure of the EEOC to comply with statutorily-defined administrative steps, Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969), the courts have not been as lenient in actions brought by the EEOC pursuant to its power to sue, which was created by the 1972 amendment to § 706(f)(1) of Title VII. In the first suit brought by the EEOC, EEOC v. Container Corp., 352 F.Supp. 262 (M.D.Fla. 1972), the Court stated as follows:

The Act provides that, if a charge is filed with or by Commission, notice must be served on the offending employer or union (the respondent) and the EEOC must investigate the charges. If it determines that no reasonable cause exists to support the charge, the respondent is so notified and the charge dismissed. If, however, the Commission finds reasonable cause to support the charge, it must notify the respondent and attempt to eliminate the problem through conciliation. If the Commission is unable to secure a satisfactory conciliation agreement within thirty days, suit may be brought . . . The Court views each one of the deliberate steps in this statutory scheme—charge, notice, investigation, reasonable cause, conciliation—as intended by Congress to be a condition precedent to the next succeeding step and ultimately legal action. Certainly, the EEOC does not contend that it could skip one or more of these steps at will. Language of the Act is mandatory as to each step and the Commission must complete each step before moving to the next.

The rationale underlying the rulings holding the EEOC to a high standard of compliance was clearly explained in EEOC v. Westvaco Corp., 372 F.Supp. 985 (D.Md.1972), where the Court held as follows:

Prior to the 1972 Amendment to Title VII (and subsequently thereto in the case of suits brought by private persons) it was generally held that the failure of EEOC to attempt to conciliate was not a bar to suit by an individual based on an alleged unlawful discriminatory employment practice. . . . The sound rationale for those cases was that the derelictions of the EEOC should not bar the right of the aggrieved individual to sue on the alleged discriminatory practice. On the other hand, in those suits brought by the EEOC since it was empowered to sue in 1972, the courts have generally held the EEOC to a higher standard of compliance with the requirements of the Act and its own regulations. . . . Underlying these decisions is an equally sound rationale. Contrary to the individual suitor, the EEOC, presumably possessed of a body of expertise and supported by a competent staff, may be selective in exercising jurisdiction over charges filed, and may, to a large degree, determine the pace with which it will pursue any particular charge. Thus, it is held, and not unreasonably so, that an agency of the federal government should be held to a higher standard of compliance with federal law and its own regulations than private individuals.

In this regard, Section 706(b) of Title VII expressly provides as follows:

Whenever a charge is filed by . . . a person claiming to be aggrieved . . . the Commission shall serve a notice of the charge (in-

cluding the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days . . .

It is well established that, along with the provisions contained in § 706(f)(1), the administrative steps set forth in § 706(b) are conditions precedent to suit by the EEOC. See, e. g., EEOC v. Hickey-Mitchell Co., 507 F.2d 944 (8th Cir. 1974); EEOC v. DuPont de Nemours & Co., 373 F.Supp. 1321 (D.Del.1974), aff'd 516 F.2d 1297 (3d Cir. 1975); EEOC v. Westvaco Corp., 372 F.Supp. 985 (D.Md.1974); EEOC v. Bartenders Local 41, 369 F.Supp. 827 (N.D.Cal. 1973); EEOC v. Western Electric Co., 364 F.Supp. 188 (D.Md.1973); EEOC v. Mobil Oil Corp., 362 F.Supp. 786 (W.D. Mo.1973); EEOC v. Container Corp., 352 F.Supp. 262 (M.D.Fla.1972). Indeed, as stated in *DuPont, supra*:

> This Court agrees that a charge must undergo complete administrative processing—investigation, decision of reasonable cause and conciliation—before it can become the basis for a Commission suit.
>
> \*　\*　\*　\*　\*　\*

The Commission argues that only Section 706(f) and not Section 706(b), defines the prerequisites for a Commission lawsuit. The procedures delineated in the latter section, it claims, are merely directory; they govern internal Commission action but not when and under what circumstances the Commission has standing to maintain suit.

The flaw in the Commission's approach is that it views the Commission's power of suit and its administrative process as unrelated activities, rather than as sequential steps in a unified scheme for securing compliance with Title VII. The Commission's functions of investigation, decision of reasonable cause and conciliation are crucial to the philosophy of Title VII. It is difficult to believe that Congress directed the Commis-

sion to make a determination of reasonable cause on the merits of a charge and nevertheless contemplated that the Commission could institute litigation before it makes such a determination. Similarly, it is difficult to conclude that Congress directed the Commission to conciliate and then authorized it to initiate adversary proceedings before the possibility of voluntary compliance has been exhausted.

█ The holding by the courts that various administrative steps set forth in § 706 constitute conditions precedent to suit is supported by the express statutory language. For instance, § 706(b) provides that the EEOC "shall" serve of notice of charge within ten days of filing. "Shall" ordinarily speaks of the mandatory. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947); EEOC v. Westvaco Corp., 372 F.Supp. 985 (D.Md.1974). Moreover, any ambiguity as to the necessity of serving the employer with notice of charge, pursuant to § 706(b), is erased by the legislative history of that provision. There can be no doubt that Congress required the EEOC to give prompt notice of the filing of a charge in order to insure fairness in the enforcement scheme. The Joint Explanatory Statement of Managers to the 1972 Amendments indicates that the Senate amendment created the requirement that the respondent be served within ten days, U.S.Code Cong. & Admin.News., 92d Cong., 2d Sess., v. 2 (Legis.His.) p. 2180 (1972), and the Senate Labor Committee Report states:

> Recognizing the importance that the concept of due process plays in the American ideal of justice, the committee wishes to emphasize certain provisions which are included in the bill to insure that fairness and due process are part of the enforcement scheme.
>
> (a) *Protection of rights of respondent.*—The bill contains a number of provisions designed to protect fully

the rights of the person or persons against whom the charge is filed:

1. The Committee retained the requirement that charges be in writing. The Commission must serve the respondent with a notice of the charge, which would advise the respondent of the nature of the alleged violation. As amended by the committee, the bill would require such notice to be served on the respondent within 10 days. (sec. 706(b)). Sen.Lab.Comm.Rep. for S. 2515 (October 28, 1971).

Notably, as .was pointed out in Chromcraft Corp. v. EEOC, 465 F.2d 745 (5th Cir. 1972), prior to the 1972 amendment "no statutory or regulatory provision establishing a time limitation within which an employer must have been served" existed and the EEOC's policy of withholding notice of a charge until investigation was imminent was, in the absence of proof of a dilatory attitude, not prohibited. As the Fifth Circuit recognized, however, as a consequence of the 1972 Amendments to Title VII, such a practice is no longer permissible and "notice of a charge filed with the EEOC must be served upon the person against whom the charge is made within ten days of filing".

 While Section 706(b) itself specifically provides only that the EEOC shall "serve" a notice, the EEOC's regulations, 29 C.F.R. § 1601.13 (1974) (eff. May 6, 1972), go further and state:

Within 10 days after the filing of a charge, the Commission *shall* furnish the respondent with a notice thereof by mail or in person (including the date, place, and circumstances of the alleged unlawful employment practice. (Emphasis added).

It would seem both reasonable and fair to construe both the statute and regulations as contemplating *written* notice. Further, it is well established that "[s]ervice commonly imports a formal presentation of a writing from one in authority to one over which the giver of notice has authority", Namkung v. Boyd,

226 F.2d 385 (9th Cir. 1955), and notice has been defined in Baldwin v. Fidelity Phenix Fire Ins. Co., 260 F.2d 951 (6th Cir. 1958), as follows:

"Notice is knowledge or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates. It is not, therefore the sending, but the receipt, of a letter that will constitute notice * * * ."

Accordingly, although the EEOC can attempt to "serve" the required notice by mailing a written notice pursuant to 29 C.F.R. § 1601.13 (1974), it is receipt that is determinative of whether the EEOC has complied with § 706(b).

 Furthermore, it cannot be argued that the failure to comply with the notice requirement is a mere technical error. The natural effect of a failure to receive notice is plainly prejudicial to the respondent. Where an employer does not receive notification that he has been charged with discrimination in hiring until well after the event in question, relevant forms will in all likelihood have been destroyed. See 29 C.F.R. § 1602.14 (1974) (requiring that an employer keep various forms for only six months). Indeed, as the sworn statement of the general manager of Defendant makes plain, because of the untimely notification here, the Defendant has no means to reconstruct or dispute the circumstances underlying the charge which led to this suit. Certainly, the EEOC does not dispute that the notice requirement was created in order to insure due process, and that lack of notice has affected the Defendant's substantial rights and hindered it in disputing the charge against it. Where an agency violates procedural regulations and the error has the natural effect of prejudicing substantial rights, "the burden of showing the outcome was unaffected rests upon the party seeking to sustain" it against the error. "Violations by Agencies of Their Own Regulations", 87 Harv.L.Rev. 629, 634–5 n. 25 (1974). The EEOC here

has presented nothing to suggest that Defendant was not prejudiced. The Court will not accept "a bald assertion that [the Defendant] has not been prejudiced" by the EEOC where the EEOC plainly has deprived the Defendant of the benefit of a procedural regulation. EEOC v. U. S. Pipe & Found. Co., 375 F.Supp. 237, 247 (N.D.Ala.1974). "Generally, when a regulation protects a party's interest, any uncertainty as to whether prejudice existed is resolved in the party's favor". 87 Harv.L.Rev. at 635, n. 28 [citing Pacific Molasses Co. v. FTC, 356 F.2d 386 (5th Cir. 1966) for the proposition that prejudice may be "presumed to have resulted from [an] agency's failure to furnish defendants with requisite prehearing information on the case against them"]. Thus, it cannot be concluded that the Defendant here was not prejudiced by the lack of notice. *Accord* EEOC v. Hickey-Mitchell Co., 507 F.2d 944 (8th Cir. 1974); EEOC v. Western Elect. Co., 382 F. Supp. 787 (D.Md.1974), *Cf.* EEOC v. Kimberly-Clark Corp., 511 F.2d 1352 (6th Cir. 1975) (holding that where the EEOC proved that an employer was notified that conciliation had failed with regard to one set of sex discrimination charges and, thus "was apprised of the imminence of suit concerning sex discrimination charges", the EEOC demonstrated that litigation which also dealt with another set of charges concerning "substantially identical issues" on which the employer refused to conciliate but had not received the required notice was not prejudicial).

■ As a result of the fact that the Defendant here did not receive notice of the charge within ten days of filing and was prejudiced thereby, the EEOC plainly did not comply with a condition precedent to suit and a summary judgment is necessary. It is true that a suit should not be dismissed for lack of subject matter jurisdiction where a general allegation of compliance with conditions precedent is made. EEOC v. Wah Chang Albany Corp., 499 F.2d 187 (9th Cir. 1974); EEOC v. Standard Forge & Axle Co., 496 F.2d 1392 (5th Cir. 1974). However, it is elementary that civil litigation under Title VII is essentially equitable in nature to be tried "through the exercise of the court's discretion, not by a jury", Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969), and that "the procedural steps that must be taken before suit may be prosecuted are most reasonably considered conditions precedent". EEOC v. Wah Chang Albany Corp., *supra.* If a record is made and it is established that the EEOC has failed to comply with all conditions precedent, then the EEOC has no right to relief under federal law and then judgment must be given against it on the merits. EEOC v. Westvaco Corp., 372 F.Supp. 985 (D.Md.1974); EEOC v. Mobil Oil Corp., 362 F.Supp. 786 (W.D. Mo.1973). See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 9 L.Ed. 939 (1946); Wright, Federal Courts § 18, at 62 (2d ed. 1970). The fact that a summary judgment is appropriate here is well established. *See, e. g.,* EEOC v. Western Electric Co., 382 F.Supp. 787 (D.Md. 1974); EEOC v. U. S. Pipe & Found. Co., 375 F.Supp. 237 (N.D.Ala.1974); EEOC v. Westvaco Corp., 372 F.Supp. 985 (D.Md.1974); EEOC v. Firestone Tire & Rubber Co., 366 F.Supp. 273 (D. Md.1973). Therefore, it is

Ordered and adjudged that Defendant's Motion To Dismiss And/Or For Summary Judgment be and the same is hereby granted.